IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| ARGELIA VILLARREAL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:15-CV-00053 |
| | § | |
| STANDARD GUARANTY INSURANCE | § | JURY |
| COMPANY and MICHAEL EDWARDS, | § | |
| | § | |
| Defendants. | § | |

### STANDARD GUARANTY INSURANCE COMPANY'S NOTICE OF REMOVAL

1.  Defendant Standard Guaranty Insurance Company ("Standard Guaranty") files this Notice of Removal against Plaintiff Argelia Villarreal ("Plaintiff") as follows:

### I. INTRODUCTION

2.  This case is removable because all proper parties to this litigation are citizens of different states and the matter in controversy exceeds $75,000.00. That Plaintiff sued Texas resident Michael Edwards is irrelevant to this Notice of Removal because Plaintiff improperly joined Mr. Edwards in an effort to destroy diversity and avoid this Court's jurisdiction. Here, Mr. Edwards is an improper defendant because Plaintiffs are unable to establish a valid cause of action against him in state court.

### II. Commencement and Service

3.  The underlying lawsuit was commenced on March 23, 2015, when Plaintiff filed her Original Petition in the in the 293rd Judicial District Court of Maverick County, Texas,

styled Cause No. 15-03-30994-MCV, *Argelia Villarreal v. Standard Guaranty Insurance Company*.[1]

4. Plaintiff served Standard Guaranty with the Original Petition, through the Texas Department of Insurance, on April 24, 2015, which the was forwarded to Standard Guaranty and received on May 1, 2015.[2] Standard Guaranty filed an answer in state court on May 18, 2015.[3]

5. This Notice of Removal is filed within thirty days of the receipt of process of a copy of the initial pleading, from which it was ascertained that the case is one which is removable, and is timely filed under 28 U.S.C. § 1446(b).[4] This Notice of Removal is also filed within one year of the commencement of this action, and is thus timely pursuant to 28 U.S.C. § 1446(c).

### III.   Grounds for Removal

6. Standard Guaranty is entitled to remove the state court action to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 because this action is a civil action involving an amount in controversy exceeding $75,000.00 between parties with diverse citizenship. Joinder of the alleged resident defendant Mr. Edwards does not destroy diversity because Plaintiffs have no possibility of recovering against Mr. Edwards for any of the claims made in Plaintiff's Original Petition.

### IV.   Diversity of Citizenship

7. This is an action with complete diversity of citizenship between Plaintiff and the properly joined Defendant.

---

[1] *See* Exhibit B-1, Original Petition.

[2] *See* Exhibit A, Executed Process; *See Barrackman v. Banister*, CIV.A. H-06-3622, 2007 WL 189378, at *2 (S.D. Tex. Jan. 22, 2007) ("the time for removal runs from the receipt by the named defendant after transmission from the statutory agent.").

[3] *See* Exhibit B-2, Defendant's Original Answer.

[4] *See* Exhibit A, Executed Process.

8.     Plaintiff is domiciled at 386 Falcon Blvd., Eagle Pass, Texas and is therefore a citizen of the state of Texas within the meaning and intent of 28 U.S.C. § 1332.[5]

9.     Defendant Standard Guaranty is a Delaware insurance company authorized to transact business in Texas.  Standard Guaranty is organized under the laws of Delaware, and its principal place of business is located in Atlanta, Georgia.  Standard Guaranty is therefore a citizen of the states of Delaware and Georgia within the meaning and intent of 28 U.S.C. § 1332.[6]

10.    Mr. Edwards is a citizen of Texas.  However, as discussed in detail below, the Court should disregard Mr. Edwards' citizenship for purposes of determining whether this case is removable because Plaintiff improperly joined Mr. Edwards to this lawsuit in an effort to destroy diversity and avoid this Court's jurisdiction.  *See Badon v. R.J.R. Nabisco, Inc.*, 224 F.3d 382, 389-90 (5th Cir. 2000); *Green v. Nationwide Mut. Ins. Co.*, Civil Action No. A-12-CV-600 LY, 2013 WL 5188031 (W.D. Tex. Oct. 17, 2012).

11.    No change of citizenship has occurred since commencement of the state court action.  Accordingly, diversity of citizenship exists among the proper parties.

### V.     Plaintiff Improperly Joined Resident Defendant Michael Edwards

12.    Under the federal removal statute, a case filed in state court may be removed to federal court if none of the parties *properly* joined as defendants are citizens of the state in which the action is brought.  *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (2004) (citing 28 U.S.C. § 1441) (en banc).  The doctrine of improper joinder prevents Plaintiff from defeating federal diversity jurisdiction by improperly naming non-diverse defendants.  *Id*., at 572-73. When a defendant is improperly joined, a court must disregard the citizenship of that defendant

---

[5] *See* Exhibit B-1, Original Petition, at p. 1, 3 ¶ B; Exhibit E-1, Accurint Report (demonstrating Plaintiff has been domiciled in Texas since 1998).

[6] *See* Exhibit D, Aff. of E. J. Kroll.

for the purpose of determining whether diversity jurisdiction exists. *Badon, Inc.*, 224 F.3d at 389-90. A defendant is improperly joined when either (1) jurisdictional facts are fraudulently pled, or (2) the plaintiff is unable to establish a cause of action against the non-diverse party in state court. *Smallwood*, 385 F.3d at 573. This case presents the latter.

13. In analyzing allegations of improper joinder, the Court must determine "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id*. In making such a determination, the Court (1) should evaluate whether the Original Petition satisfied the applicable state pleading requirements and (2) should conduct a Federal Rule 12(b)(6)-type inquiry and examine whether the allegations in the pleading state a cause of action against the in-state defendant. *Smallwood*, 385 F.3d at 573; *Warren v. State Farm Mut. Auto. Ins. Co.*, No. 3:08–CV–0768–D, 2008 U.S. Dist. LEXIS 68646, at * 10, 2008 WL 4133377 (N.D. Tex. Aug. 29, 2008) (citing *De La Hoya v. Coldwell Banker Mex., Inc.*, 125 Fed. Appx. 533, 537–38 (5th Cir. 2005)); *Watson v. Law Enforcement Alliance of Am., Inc.*, 386 F.Supp.2d 874, 878 (W.D. Tex. 2005).[7] Whether Plaintiff alleged a valid cause of action "depends upon and is tied to the factual fit between the plaintiff['s] allegations and the pleaded theory of recovery." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999). Accordingly, Standard Guaranty can establish diversity by showing that Plaintiff's state court petition fails to allege "specific actionable conduct" sufficient to support a cause of action against a non-diverse defendant. *Id*. Here, there is no possibility of recovery by Plaintiff against Mr. Edwards because (1) the allegations in the Original Petition fail to state a cause of action against the Mr. Edwards

---

[7] The Court's determination may consider review of "summary judgment-type evidence such as affidavits and deposition testimony." *Griggs*, 181 F.3d at 700.

and (2) Plaintiffs fail to satisfy the Texas pleading requirements under Rule 47(a) of the Texas Rules of Civil Procedure.

### A. THE ALLEGATIONS IN THE ORIGINAL PETITION FAIL TO STATE A CAUSE OF ACTION AGAINST MICHAEL EDWARDS.

14.     The Court should dismiss Michael Edwards from this lawsuit as improperly joined because Plaintiff fails to assert a cause of action against him. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 260 (5th Cir. 1995) (affirming district court's decision to dismiss a non-diverse insurance agent where the complaint did "not contain allegations which could support a claim under Texas law."); *Marquez v. Allstate Texas Lloyds*, No. H-13-3644, 2014 WL 710952, at *2 (S.D. Tex. Feb. 24, 2014) (denying Plaintiff's Motion to Remand on the basis that Plaintiff's allegations were "not sufficient to establish a reasonable basis for predicting that Texas law might impose liability on [the adjuster]"). Despite the fact that this case is about the adjustment of claims made under a Texas homeowners' insurance policy, Plaintiff fails to make a single allegation that Mr. Edwards played a role in the claims handling process or made any specific misrepresentation to Plaintiff. Similarly, Plaintiff makes no effort to establish a connection between Mr. Edwards and the alleged injuries sustained by Plaintiffs. Plaintiff's failure to assert facts setting forth Mr. Edwards' potential liability constitutes a failure to state a claim. *Cavallini*, 44 F.3d at 260; *Waters v. State Farm Mut. Auto. Ins. Co.*, 158 F.R.D. 107, 109 (S.D. Tex. 1994) (noting that "given the relative financial positions of most insurance companies versus their agents, the only time an agent is going to be sued is when it serves a tactical legal purpose, like defeating diversity.") (internal citations and quotations omitted).

### B. PLAINTIFFS FAILED TO SATISFY TEXAS PLEADING REQUIREMENTS AGAINST THE RESIDENT DEFENDANTS.

15.     Under the Texas Rules of Civil Procedure, a petition must contain "a short statement of the cause of action sufficient to give fair notice of the claim involved." TEX. R. CIV.

P. 47(a). Texas' fair notice pleading standard "looks to whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant at trial." *Penley v. Westbrook*, 146 S.W.3d 220, 232 (Tex. App.—Fort Worth 2004), rev'd on other grounds, 231 S.W.3d 389 (Tex. 2007). Vague and collective pleading is insufficient to satisfy the "fair notice" requirement under Rule 47. *See Perry v. Cohen*, 385 S.W.3d 137, 146 (Tex. App.—Austin, 2009, no pet.). "Absent any specific allegation of wrongdoing against [Mr. Edwards], or even that [Mr. Edwards] ever had contact or communications with [Plaintiff], [Plaintiff's] general allegations that unspecified 'Defendants' [injured] him are, as in *Midwest,* insufficient standing alone." *Calderoni v. Vasquez*, 2012 WL 2509802 at *6 (Tex. App.—Austin June 26, 2012, no pet.) (citing *Quality Hardwoods, Inc. v. Midwest Hardwood Corp.*, 2007 WL 1879797 (Tex. App.—Fort Worth June 28, 2007, no pet.); *accord Cavallini v. State Farm Ins. Co.*, 44 F.3d 256, 260 (5th Cir. 1995) (holding that Plaintiff failed to state a valid bad faith claim against resident defendant when all allegations were made collectively against "Defendants."); *TAJ Properties, LLC v. Zurich Am. Ins. Co.*, CIV.A. H–10–2512, 2010 WL 4923473, at *4 (S.D. Tex. Nov. 29, 2010) (denying motion to remand because "[a]llegations merely asserted against 'Defendants,' without alleging what facts are attributed to [the non-diverse party] individually as opposed to [the diverse party], do not provide a reasonable basis for recovering from [the non-diverse party]."); *Holmes v. Acceptance Cas. Ins. Co.*, 942 F.Supp.2d 637, 647 (E.D. Tex. 2013) ("stating, "all of [the plaintiff's] factual allegations are grouped indiscernibly against 'Defendants.' Thus, her petition does not distinguish [the resident defendant's] actions from those of [the diverse defendant]."). Here, Plaintiff's collective allegations against "Defendants" fail to establish a reasonable basis in law or fact for the claims against Mr. Edwards. Accordingly, all proper pled parties to this litigation

# ...

are non-resident defendants, and this is an action with complete diversity of citizenship between Plaintiff and Defendant.

## VI. Amount in Controversy

16. Plaintiff's Complaint seeks monetary relief of more than $200,000 but not more than $1,000,000.[8] Accordingly, the total amount in controversy for Plaintiff's claims exceeds the jurisdictional limits of this Court.

## VII. Venue

17. Venue lies in the Western District of Texas, Del Rio Division, pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because Plaintiff filed the state court action in this judicial district and division.

## VIII. Consent to Removal

18. No Consent to Removal is necessary as Standard Guaranty is the only properly named defendant in this lawsuit. Consent by Mr. Edwards is not required in this instance because consent need not be obtained from a co-defendant that the removing party contends is improperly joined.[9]

## IX. Notice

19. Defendant will give notice of the filing of this notice of removal to all parties of record pursuant to 28 U.S.C. § 1446(d). Defendant will also file with the clerk of the state court, and will serve upon Plaintiff's counsel, a notice of the filing of this Notice of Removal.

## X. State Court Pleadings

20. Copies of all state court pleadings and orders are attached to this Notice of Removal.

---

[8] *See* Exhibit B-1, Original Petition, at p. 1.
[9] *See Moreno Energy, Inc. v. Marathon Oil Co.*, 884 F. Supp. 2d 577, 582 (S.D. Tex. 2012) (citing *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993)).

## XI.  Exhibits to Notice of Removal

21. The following documents are attached to this Notice as corresponding numbered exhibits:

    A. All executed process in the case;

    B. Pleadings asserting causes of action, e.g., petitions, counterclaims, cross actions, third-party actions, interventions and all answers to such pleadings;

        1. Plaintiff's Original Petition;

        2. Standard Guaranty's Original Answer;

    C. Civil Cover Sheet;

    D. Affidavit of E. James Kroll;

    E. Affidavit of Justin Kornegay;

        1. Accurint Report on Argelia Villarreal.

## XII.  Conclusion

WHEREFORE, Defendant, pursuant to the statutes cited herein and in conformity with the requirements set forth in 28 U.S.C. § 1446, removes this action from the 293rd Judicial District Court of Maverick County, Texas to this Court.

Dated:  May 28, 2015

        Respectfully submitted,

        EDISON, MCDOWELL & HETHERINGTON, LLP

        By: /s/   David T. McDowell
            David T. McDowell
            State Bar No. 00791222
        Phoenix Tower
        3200 Southwest Freeway
        Suite 2920
        Houston, Texas 77027
        Telephone: (713) 337-5580

        Facsimile:  (713) 337-8850

        *Attorney-in-Charge for Defendant Standard Guaranty Insurance Company.*

Of Counsel:

Bradley J. Aiken
State Bar No. 24059361
Justin M. Kornegay
State Bar No. 24077668
EDISON, MCDOWELL & HETHERINGTON, LLP
Phoenix Tower
3200 Southwest Freeway, Suite 2100
Houston, Texas 77027
Telephone: (713) 337-5586
Facsimile:  (713) 337-8850

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served on May 28, 2015, on the following counsel of record by certified mail, return receipt requested:

William N. Allan, IV.
Wes Holland
ALLAN, NAVA & GLANDER, PLLC
825 W. Bitters Road, Suite 102
San Antonio, Texas 78216

                                               /s/  Bradley J. Aiken
                                                    Bradley J. Aiken