UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | |
|---|---|
| ARGELIA VILLARREAL,<br>      Plaintiff,<br><br>v.<br><br>STANDARD GUARANTY INSURANCE<br>COMPANY and MICHAEL EDWARDS,<br>      Defendants. | §<br>§<br>§<br>§   CIV. ACTION NO. 2:15-cv-00053-AM-VRG<br>§<br>§<br>§<br>§ |

**PLAINTIFF'S MOTION TO REMAND**

Plaintiff Argelia Villarreal files this Motion to Remand pursuant to 28 U.S.C. § 1447(c), respectfully requesting that the Court remand this case to the 293rd Judicial District Court of Maverick County, Texas because of the lack of subject matter jurisdiction and lack of proof of improper joinder, and in support would show the Court as follows:

**I.     INTRODUCTION**

Villarreal filed this case in state court to assert state causes of action related to an insurance claim for storm-related damages to her home located in Eagle Pass, Texas. Villarreal's Original Petition alleges various claims against her insurer, Standard Guaranty Insurance Company ("Standard Guaranty"), and the insurance adjuster assigned to her claim, Michael Edwards. (*See* Exhibit A). In part, Villarreal has alleged claims against Edwards for violations of the Texas Insurance Code and Deceptive Trade Practices Act ("DTPA"). (*Id.* at 3–11). Villarreal is a Texas citizen who resides in Texas. (*Id.* at 1). Edwards is also a Texas citizen who resides in Texas. (*Id.* at 2). Thus, the parties lack complete diversity.

Nevertheless, Standard Guaranty filed its Notice of Removal asserting there is complete diversity between it and Villarreal, and that Edwards should be disregarded as improperly joined. However, the Court lacks subject matter jurisdiction because Standard Guaranty has not met its

burden to prove that Villarreal cannot possibly recover against Edwards. Rather, Texas law provides a basis for Villarreal to possibly prevail against Edwards for his alleged violations of the Texas Insurance Code and DTPA, and Villarreal's Original Petition provides fair notice of these claims. For these reasons, Villarreal's Motion to Remand should be granted.

## II. ARGUMENT AND AUTHORITIES

### A. Standard Guaranty Has a Heavy Burden to Prove Diversity Jurisdiction Based on Allegations of Improper Joinder

Federal courts have limited jurisdiction and must presume that cases lie outside their jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). Removal raises significant federalism concerns as "the effect of removal is to deprive the state court of an action properly before it." *Gasch v. Hartford Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007). To determine whether jurisdiction is present for removal, the district court considers the claims in the state court petition as they existed at the time of removal, *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995), and the substantive law of the forum state, *Hughes v. Tobacco Institute, Inc.*, 278 F.3d 417, 421 (5th Cir. 2001). Any ambiguities or doubts must be construed against removal and in favor of remand. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

"A federal court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same citizenship as any one of the defendants." *Stifting v. Plains Marketing, L.P.*, 603 F.3d 295, 297 (5th Cir. 2010). To establish diversity jurisdiction, the removing party must prove that every non-diverse defendant has been "improperly joined." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). To establish improper joinder, a removing party must show either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) [an] inability of the plaintiff to

establish a cause of action against the non-diverse party in state court."[1] *Id*. Under the second prong, the test for improper joinder "is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, . . . mean[ing] that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* To predict whether the plaintiff has a reasonable basis of recovery, the court should analyze the allegations in the plaintiff's petition to determine whether it states a claim under state law against the in-state defendant. *Id.* The court does not weigh the merits of the plaintiff's claim but only determines whether it is an arguable one under state law. *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997); *accord Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Inc.*, 99 F.3d 746, 751–52 (5th Cir. 1996).

If the state court petition provides a reasonable basis for recovery on just one cause of action, the entire case must be remanded. *Grey v. Beverly Enters.-Miss., Inc.*, 390 F. 3d 400, 412 (5th Cir 2004); *see also Sid Richardson*, 99 F.3d at 751 (stating that joinder is proper if there is any possibility that the plaintiff might prevail on any claim). A claim of improper joinder "must be 'pleaded with particularity,' supported by 'clear and convincing evidence,' and proven with 'certainty.'" *Dollar v. General Motors Corp.*, 814 F. Supp. 538, 541 (E.D. Tex. 1993). The Fifth Circuit has stressed that "[t]he burden of persuasion on those who claim fraudulent joinder is a heavy one." *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003). The court lacks subject matter jurisdiction when the removing party does not carry its heavy burden of proving joinder was improper. *Smallwood*, 385 F.3d at 576.

**B.   Villarreal's Original Petition Must Be Analyzed Under the Liberal "Fair Notice" Pleading Standard in Texas**

For an improper joinder analysis, the court must accept as true all relevant allegations

---

[1] This motion only addresses the second test because Standard Guaranty's Notice of Removal did not allege actual fraud in the pleading of jurisdictional facts as the basis for removal of this case.

contained in the plaintiff's petition and construe all factual and legal ambiguities in the plaintiff's favor. *Travis*, 326 F.3d at 649; *Sid Richardson*, 99 F.3d at 751–52; *Willy v. Coastal Corp.*, 855 F.2d 1160, 1163–64 (5th Cir. 1988). Where Texas law governs, the plaintiff's petition must be measured under the liberal Texas "notice pleading" standard instead of the more stringent federal pleading standard.[2] *See, e.g.*, *De La Hoya v. Coldwell Banker Mexico, Inc.*, 125 Fed. App'x 533, 537–38 (5th Cir. 2005); *Delaney v. GEO Grp., Inc.*, No. SA–12–CV–541–XR, 2012 WL 3526789, at *2 (W.D. Tex. Aug. 14, 2012); *Yeldell v. GeoVera Specialty Ins. Co.*, No. 3:12–cv–1908–M, 2012 WL 5451822, at *2–3 (N.D. Tex. Nov. 8, 2012); *KIW, Inc. v. Zurich Am. Ins. Co.*, No. H-05-3240, 2005 WL 3434977, at *3 (S.D. Tex. 2005). The Texas notice pleading standard requires only "a short statement of the cause of action sufficient to give fair notice of the claim involved." Tex. R. Civ. P. 47. Under this standard, a pleading can consist of legal conclusions as long as "fair notice to the opponent is given by the allegations as a whole." Tex. R. Civ. P. 45(b); *Esteban v. State Farms Lloyds*, 23 F. Supp. 3d 723, 732 (N.D. Tex. 2014).

Fair notice means enough information to enable the opposing party to prepare a defense. *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000). Texas courts "assess the sufficiency of pleadings by determining whether an opposing party can ascertain from the pleading the nature, basic issues, and the type of evidence that might be relevant to the controversy." *Low v. Henry*, 221 S.W.3d 609, 612 (Tex. 2007). Thus, a pleading gives fair notice if an "opposing attorney of reasonable competence, on review of the pleadings, can ascertain the nature and basic issues of controversy." *Elite Door & Trim, Inc. v. Tapia*, 355 S.W.3d 757, 766 (Tex. App.—Dallas

---

[2] Applying the federal pleading standard would be unfair because it would require plaintiffs "to anticipate the possibility of removal and plead sufficient facts to comply with the federal standard" to avoid the pretext of improper joinder. *Williams v. Williams*, No. 1:10-CV-783, 2011 WL 863501, at *6 & n.6 (E.D. Tex. Mar. 9, 2011); *Warren v. State Farm Mut. Auto. Ins. Co.*, No. 3:08-CV-0768, 2008 WL 4133377, at *4–5 (N.D. Tex. Aug. 29, 2008).

2011, no pet.).

In applying this standard, a court must liberally construe the petition in the plaintiff's favor, supply every fact that can be reasonably inferred from what the plaintiff specifically stated, and look to the plaintiff's intent to uphold the petition, even if the plaintiff has not specifically alleged some element of a cause of action. *Gulf, C. & S.F. Ry. Co. v. Bliss*, 368 S.W.2d 594, 599 (Tex. 1963). Accordingly, in the absence of certain terms, a petition can provide fair notice through the pleading of specific statutory references or the alleging of facts that support un-pleaded legal theories. *See, e.g.*, *Discovery Operating, Inc. v. BP Am. Prod. Co.*, 311 S.W.3d 140, 161–62 (Tex. App.—Eastland 2010, pet. denied); *Sw. Bell Tel. Co. v. Garza*, 58 S.W.3d 214, 225–26 (Tex. App.—Corpus Christi 2001), *aff'd in part and rev'd in part on other grounds*, 164 S.W.3d 607 (Tex. 2004). However, fair notice pleading does not require a plaintiff to allege specific facts but rather the elements of a cause of action, which allows for the development of facts through discovery. *See, e.g.*, *Rodriguez v. Yenawine*, 556 S.W.2d 410, 414–15 (Tex. App.—Austin 1977, no writ). Similarly, fair notice pleading does not require a plaintiff "to identify the specific content of the alleged misrepresentation and the specific policy term it violated in order to state an insurance code claim against an insurance adjuster in state court." *Ramos v. Allstate Texas Lloyds*, No. 7:13-CV-57, 2013 WL 1561112, at *4 (S.D. Tex. Apr. 10, 2013).

    **C.    Under Texas Law, an Insurance Adjuster Like Edwards Can Be Held Liable for Violations of the Texas Insurance Code and DTPA**

Under the Texas Insurance Code, a "person" subject to liability is defined in part as any "individual . . . engaged in the business of insurance," which specifically includes any adjuster. Tex. Ins. Code § 541.002(2); *see also id.* § 541.151(1) (permitting private action against any person engaged in unfair or deceptive act or practice in the business of insurance). Accordingly, the Texas Supreme Court has long held that an insurer's employee "engaged in the business of

insurance" is a "person" that may be held individually liable for violations of the Texas Insurance Code. *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484–86 (Tex. 1998). Additionally, the Texas Supreme Court long ago recognized that "[t]he business of insurance includes the investigation and adjustment of claims and losses." *Vail v. Texas Farm Bur. Mut. Ins. Co.*, 754 S.W.2d 129, 132 (Tex. 1988).

Based on Texas law, the Fifth Circuit has also held that a claims adjuster responsible for the servicing of insurance policies is engaged in the business of insurance and subject to the Texas Insurance Code. *Gasch*, 491 F.3d at 282. Similarly, numerous decisions within this circuit have held that independent adjusters are subject to liability under the Texas Insurance Code. *See, e.g.*, *Rocha v. Geovera Specialty Ins. Co.*, No. 7:13–CV–589, 2014 WL 68648, at *2–4 (S.D. Tex. Jan. 8, 2014); *Seabrook Marina, Inc. v. Scottsdale Ins. Co.*, 717 F. Supp. 2d 691, 692, 695–96 (S.D. Tex. 2010); *Lindsey–Duggan, LLC v. Philadelphia Ins. Cos.*, No. SA–08–CA–736–FB, 2008 WL 5686084, at *2–3 (W.D. Tex. Dec. 15, 2008); *First Baptist Church v. GuideOne Mut. Ins. Co.*, No. 1:07–CV–988, 2008 WL 4533729, *5 & n. 8 (E.D. Tex. Sept. 29, 2008); *Jones v. Ace Am. Ins. Co.*, No. 1:06–CV–616, 2006 WL 3826998, at *4–5 (E.D. Tex. Dec. 22, 2006); *McNeel v. Kemper Cas. Ins. Co.*, No. 3:04–CV–0734, 2004 WL 1635757, at *2–3 (N.D. Tex. July 21, 2004). Furthermore, the Texas Insurance Code and DTPA "each grant relief for unfair or deceptive acts or practices in the business of insurance." *Vail*, 754 S.W.2d at 132; *see also* Tex. Bus. & Com. Code § 17.50(a)(4) (authorizing a cause of action where the producing cause of damages is "an act or practice in violation of Chapter 541, Insurance Code"); Tex. Ins. Code § 541.151(2) (permitting a cause of action for deceptive acts or practices enumerated as violations under the DTPA).

**D. Villarreal's Original Petition Provides Fair Notice of State Law Claims on which She May Possibly Recover Against Edwards**

The allegations in the Original Petition pertinent to the claims against Edwards are as

follows. Villarreal owns the property located at 386 Falcon Blvd., Eagle Pass, Texas 78852, which is insured under a Texas homeowners insurance policy issued by Standard Guaranty. (*See* Exhibit A, at 3). In or about April 2014, Villarreal experienced a storm that damaged her property. (*Id.*) Villarreal submitted a claim to Standard Guaranty, and Standard Guaranty assigned Edwards to adjust the claim. (*Id.*) Edwards inspected Villarreal's property after the storm. (*Id.*) During the inspection, Edwards was tasked with the responsibility of conducting a thorough and reasonable investigation of Villarreal's claim, including determining the cause of and then quantifying the damage done to her property. (*Id.*) However, Edwards prepared a repair estimate that vastly underscoped the actual covered damages to Villarreal's property. (*Id.* at 4). Based on Edward's estimate, Standard Guaranty determined that only $5,423.06 was due on Villarreal's claim, which demonstrated that Standard Guaranty and Edwards did not conduct a thorough investigation of the claim. (*Id.*)

The petition further alleges that Edwards (as one of the named Defendants) failed to fairly evaluate and adjust Villarreal's claim as he was obligated to do under the policy and Texas law. (*Id.*) In failing to properly investigate the claim and wrongfully denying full coverage, Edwards engaged in unfair settlement practices by misrepresenting material facts to Villarreal. (*Id.*) In part, Edwards misrepresented to Villarreal that the damage to her property was not covered under the policy, even though the damage was caused by a covered peril, in violation of Section 541.060(a)(1) of the Texas Insurance Code. (*Id.*) Edwards also failed to make an attempt to settle Villarreal's claim in a fair manner, although he was aware of the liability to Villarreal under the policy, in violation of Section 541.060(a)(2)(A) of the Texas Insurance Code. (*Id.*) Edwards further failed to explain to Villarreal why full payment was not being made, did not communicate that future payments would be forthcoming to pay for the entire losses covered under the policy, and

did not provide any explanation for the failure to adequately settle Villarreal's claim, in violation of Section 541.060(a)(3) of the Texas Insurance Code. (*Id.* at 5). Additionally, Edwards failed to affirm or deny coverage of Villarreal's claim within a reasonable time, and did not provide a timely written indication of acceptance or rejection regarding the full and entire claim, in violation of Section 541.060(a)(4) of the Texas Insurance Code. (*Id.*) Moreover, Edwards refused to fully compensate Villarreal under the terms of the policy, failed to conduct a reasonable investigation, and performed an outcome-oriented investigation of Villarreal's claim, which resulted in a biased, unfair, and inequitable evaluation of Villarreal's losses to his property, in violation of Section 541.060(a)(7) of the Texas Insurance Code. (*Id.*).

Based on these alleged facts, Villarreal asserts causes of action against Edwards (as one of the named Defendants) for violations of the Texas Insurance Code and the DTPA. Specifically, Edwards engaged in unfair and deceptive acts or practices in the business of insurance, including the above described acts and unreasonable delay in the investigation, adjustment, and resolution of Villarreal's claim; misrepresenting to Villarreal pertinent facts or policy provisions relating to the coverage at issue; not attempting in good faith to effectuate a prompt, fair, and equitable settlement of claims submitted in which liability has become reasonably clear; and failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of a claim or for the offer of a company's settlement. (*Id.* at 10–11). Furthermore, Edwards represented to Villarreal that the insurance policy and his adjusting and investigative services had characteristics or benefits they did not have, in violation of Section 17.46(b)(5) of the DTPA; represented to Villarreal that the insurance policy and his adjusting and investigative services were of a particular standard, quality, or grade when they were of another, in violation of Section 17.46(b)(7) of the DTPA; and represented to Villarreal that the insurance

policy and his adjusting and investigative services conferred or involved rights, remedies, or obligations they did not have, in violation of Section 17.46(b)(12) of the DTPA. (*Id.* at 8–9). Edward's actions were also unconscionable, in violation of Section 17.50(a)(3) of the DTPA, and unfair practices in the business of insurance, in violation of Section 17.50(a)(4) of the DTPA. (*Id.* at 9).

The foregoing allegations are sufficient to satisfy the fair notice pleading standard in Texas because they allege enough for any reasonably competent attorney to ascertain the nature and basic issues of Villarreal's causes of action against Edwards. (*See* Part II.B above). Construed in Villarreal's favor, the alleged acts of Edwards show that he was an adjuster engaged in the business of insurance when he investigated Villarreal's property insurance claim, and in the course of that investigation, he committed numerous and specific violations of the Texas Insurance Code and DTPA. Because the allegations as a whole give fair notice, the legal conclusions in the petition can maintain valid claims. *See* Tex. R. Civ. P. 45(b); *Esteban*, 23 F. Supp. 3d at 732. Villarreal did not need to allege more because her intent to hold Edwards liable under these Texas statutes is clear, and any fact or element not specifically alleged can be reasonably inferred from what is stated. For example, it can be reasonably inferred that Edwards also violated the Texas Insurance Code statute prohibiting the making, issuing, or circulating of an estimate that misrepresents benefits promised under an insurance policy. *See* Tex. Ins. Code § 541.051(1)(B).

In comparison, courts in this circuit applying the Texas fair notice pleading standard have found that similar combinations of specific factual allegations against the insurance adjuster and conclusory legal allegations against all the defendants provide a reasonable basis for predicting recovery against the individual adjuster. *See, e.g.*, *Presley v. America First Ins. Co.*, No. H–10–4429, 2011 WL 486231, at *2–3 (S.D Tex. Feb. 7, 2011); *see also Yeldell*, 2012 WL 5451822, at

*3–4; *Ample Bus. Invs., L.P. v. Am. States Ins. Co.*, No. H–10–0802, 2010 WL 1737114, at *3–4 (S.D. Tex. Apr. 28, 2010). At the very least, Villarreal's petition sufficiently states a cause of action against Edwards based on allegations to show that he acted as an insurance adjuster, prepared an estimate that vastly underscoped the actual covered damages, and in combination with Standard Guaranty committed various violations of the Texas Insurance Code, including but not limited to failing to conduct a reasonable investigation; denying at least a portion of the claim without an adequate investigation; and misrepresenting that the damage to the property was not covered under the policy, even though it was caused by a covered occurrence. *Cf. Ramos*, 2013 WL 1561112, at *4; *Espinoza v. Companion Commercial Ins. Co.*, No. 7:12–CV–494, 2013 WL 245032, at *2–4 (S.D. Tex. Jan. 22, 2013). Indeed, the Western District of Texas recently determined that similar allegations against a non-diverse defendant adjuster were sufficient to give fair notice of a plaintiff's claim under the Texas Insurance Code. *See, e.g.*, Order in *Munoz v. Allstate Indem. Co.*, No. W-15-CV-072 (W.D. Tex. filed Apr. 10, 2015) (attached as Exhibit B); Order in *Lamorte v. Great Lakes Reinsurance (UK) PLC*, No. W-14-CV-477, at 5–6 (W.D. Tex. filed Feb. 3, 2015) (attached as Exhibit C).

There is more than a reasonable basis for the Court to predict that Villarreal might possibly prevail against Edwards and hold him individually liable on causes of action long recognized under Texas law. (*See* Part II.C above). Whether or not Villarreal can ultimately prevail against Edwards is not at issue or to be considered for purposes of a remand. *See Gasch*, 491 F.3d at 282–83. Standard Guaranty's Notice of Removal provides no explanation, no evidence, and no authority to conclusively show that Villarreal cannot possibly recover against Edwards under all of her causes of action. Thus, Standard Guaranty has failed to meet its burden to prove improper joinder. (*See* Part II.A above). Therefore, the Court lacks subject matter jurisdiction and must remand this case.

### III. CONCLUSION

For the reasons above, Villarreal respectfully requests that the Court grant this motion and remand this case to the 293rd Judicial District Court of Maverick County, Texas because of the lack of subject matter jurisdiction and lack of proof of improper joinder.

          Respectfully submitted,

          **ALLAN, NAVA, GLANDER & HOLLAND, PLLC**
          825 W. Bitters Road, Suite 102
          San Antonio, Texas  78216
          Telephone:  (210) 305-4220
          Telecopier:  (210) 305-4219
          serveone@anglawfirm.com
          wholland@anglawfirm.com

By: _____
     WILLIAM N. ALLAN, IV
     State Bar No. 24012204
     WES HOLLAND
     State Bar No. 24007379
     **ATTORNEYS FOR PLAINTIFF**

### CERTIFICATE OF CONFERENCE

I hereby certify that, pursuant to Local Rule CV-7, counsel for Plaintiff and Defendants have conferred in a good-faith attempt to resolve this matter by agreement. Defendants' counsel indicated that Defendants oppose this motion and the relief requested in this motion. Therefore, this motion is filed as opposed.

_____
WILLIAM N. ALLAN, IV

## CERTIFICATE OF SERVICE

  I hereby certify that, on July 22, 2015, the foregoing was electronically filed with the Clerk of Court and served on Defendants' counsel of record listed below using the CM/ECF system, which will send notification of such filing to the following:

 David T. McDowell
 Bradley J. Aiken
 Justin M. Kornegay
 EDISON, MCDOWELL & HETHERINGTON LLP
 Phoenix Tower
 32000 Southwest Freeway, Suite 2100
 Houston, Texas 77027
 Telephone: (713) 337-5580
 Facsimile: (713) 337-8850

_____
  WILLIAM N. ALLAN, IV


Files:Active:41000.0290 - Villareal, Argelia v Standard Guaranty (2345):Motions:Plantiff:Villareal Motion to Remand.docx